# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-11357
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2014

Lyle W. Cayce
Clerk

ROBERT RICH,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden,

Respondent-Appellee

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-775

————

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Robert Rich, federal prisoner # 19351-077, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his 28 U.S.C. § 2241 petition as an abuse of the writ and the imposition of a $500 monetary sanction based on his continued repetitive filings. By so moving, Rich challenges the district court's certification that his appeal was not taken

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11357

in good faith. *See Baugh v. Tayl*or, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal point arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his motion, Rich argues that the § 2241 petition should not have been filed by the clerk, and that he was "inveigled to furnish documents which were apparently employed to transform [his request for leave to proceed under § 2241] into some procedure which was in contravention to the [sanction] warning." He argues that it was only through the magistrate judge's report and recommendation that he learned that "the nature of the case had somehow been transformed into something entirely different from the procedural request."

None of these contentions were raised in the district court. Instead, Rich argued that his "current" § 2241 petition was not abusive and that it was, in fact, allowable under the sanction warnings issued by the district court and this court. This court will not consider arguments raised for the first time on appeal "merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (internal quotation marks and citation omitted). To the extent that Rich suggests that he did not have the opportunity to present his newly raised contentions in the district court, we note that Rich failed to raise these contentions in his objections to the report and recommendation. We also note that despite his contention that he has been unfairly sanctioned, he continues to press arguments that have been rejected by this court. Accordingly, his motion for leave to proceed IFP is

No. 13-11357

denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.